ACCEPTED
08-20-00145-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/29/2021 9:41 AM
ELIZABETH G. FLORES
CLERK



**DP&S**

DURHAM, PITTARD & SPALDING, L.L.P.

Texas ▪ New Mexico

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/29/2021 9:41:09 AM
ELIZABETH G. FLORES
Clerk

October 29, 2021

Honorable Elizabeth G. Flores
Clerk of the Court
Eighth Court of Appeals
500 E. San Antonio Ave., Suite 1203
El Paso, Texas 79901-2408
*Via E-File*

  Re: No. 08-20-00145-CV; *Dennis Edward Rayner, Even Better Logistics, LLC, and Michelle Cora Croom v. Ronnie Claxton and Sandra Claxton*; in the Court of Appeals for the Eighth District of Texas

Dear Ms. Flores:

  This letter is in response to Appellants' suggestion that *U-Haul Intern., Inc. v. Waldrip*, 380 S.W.3d 118 (Tex. 2012), *requires* this Court to review the legal sufficiency of the gross negligence findings and exemplary damage awards even if it reverses and remands the ordinary negligence claims for a new trial. But *Waldrip* does not *require* such review. The conclusion and footnote in *Waldrip* which approved of rendition was not a statement of necessary appellate procedure which must be followed in every case but was instead a tailored reaction to the specific evidence and public policy concerns presented in that case. This case presents important legal and factual differences.

  First, the Court in *Waldrip* expressed particular concern about the policy implications on future cases if an employer could be found guilty of gross negligence even if it provided subsequent safety training.

---

> Further, we are concerned about the impact the court of appeals' reasoning may have on future gross-negligence cases involving alleged reckless hiring. Under the court of appeals' reasoning, any time an employer hires a previously inexperienced employee requiring training in specific safety tasks, the employer conceivably may be found grossly negligent and subject to punitive damages if the employee acts negligently in performing her tasks. However, a party cannot be liable for gross negligence when it actually and subjectively believes that circumstances pose no risk to the injured party, even if they are wrong.

*Waldrip*, 380 S.W.3d at 140–41. As Appellants pointed out in oral argument, Mr. Rayner had been driving trucks for 45 years, and there was no allegation of improper training. Accordingly, *Waldrip*'s reasoning need not be followed here, because the policy implications that influenced the *Waldrip* decision are not present.

Second, even in *Waldrip*, whether to render judgment on a claim for gross negligence depends on the nature of the evidence admitted at trial. The *Waldrip* court reversed and rendered judgment on the jury's punitive damage award against U-Haul Texas because of testimony that conclusively established that the corporate defendant *had no knowledge* of any extreme risk from hiring an inexperienced field manager because it believed (1) the position required no experience or specialized knowledge and (2) that any necessary training would be provided by U-Haul. *Id*. at 139-41. In sharp contrast, the testimony of Defendants Croom and EBL here included actual admissions that it was reckless and posed an extreme risk of danger to Texas drivers to have a truck with these safety violations on the road.

The other cases cited by Appellants also reveal that consideration of gross negligence and any rendition on that issue is proper only when there is already legally insufficient evidence of gross negligence that could not be corrected on re-trial. Importantly, in the footnote which sets out cases that provide authority for its position, the *Waldrip* court also acknowledged a different holding in *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131 (Tex. 2004). In *Nissan*, the supreme court "revers[ed]for new trial based on

erroneous admission of prejudicial evidence but declin[ed] to render on the gross-negligence claims because the record apparently included some evidence of gross negligence." *Waldrip*, 380 S.W.3d at 141, n. 23. Likewise, in the *Guerra* case cited in Appellants' letter brief, the Texas Supreme Court rendered judgment only on the claims against the parent company, but remanded all claims— including gross negligence claims—against its Texas subsidiary. *Serv. Corp. Intern. v. Guerra*, 348 S.W.3d 221, 231 (Tex. 2011).

In summary, *Waldrip* is unique and does not state a general proposition that must be followed in every case. Moreover, Appellants cite no cases out of the Austin Court of Appeals (the court from which this case was transferred and whose precedent would be binding on this Court) that require the sort of review and rendition Appellants suggest.

Finally, Appellants' argument ignores the nature of the evidence at issue here. Appellees presented evidence that Rayner was negligent not only for hitting the bridge, but for failing to conduct an adequate pre-trip inspection. The determination of Rayner's gross negligence will therefore require the jury to evaluate the degree to which that evidence establishes not only ordinary negligence but may also rise to the level of gross negligence. Accordingly, if the Court determines a remand of the negligence issue is warranted, it makes sense to also remand the gross negligence issue so the same jury can determine whether the evidence of what Rayner actually knew supports both negligence and gross negligence findings. The Eastern District of Texas remanded in a similar circumstance and cited with approval the *Nissan* case which the supreme court acknowledged in *Waldrip*.

> Whether the defendant had actual knowledge of the alleged defect is relevant to whether punitive damages should be awarded. … Moreover, in *Nissan* the Texas Supreme Court remanded the exemplary damages issue for consideration, stating that there was testimony which could be construed to indicate Nissan knew of the defect claims prior to the accident at issue. *Nissan*, 145 S.W.3d at 148. Thus, Plaintiff is correct that evidence of notice may be relevant to an award of exemplary damages.

*Hendricks v. Ford Motor* Co., No. 4:12CV71, 2012 WL 4478308, at \*4 (E.D. Tex. Sept. 27, 2012) (internal citations omitted).  Appellants have cited no case, including *Waldrip*, that precludes a remand of both negligence and gross negligence claims when there is legally sufficient evidence of ordinary negligence.

Of course, Appellants believe that the findings of negligence and gross negligence against Rayner should be affirmed.  But, if the Court decides there is insufficient evidence to support the jury's finding that Rayner was negligent, both Rayner's negligence and his gross negligence should be remanded for further consideration.

Respectfully submitted,

*/s/ Tammy Holt*

Tammy Holt
Counsel for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, a true and correct copy of *Appellees' Response to Letter Brief* was caused to be served on the following counsel of record in accordance with Rule 21a of the Texas Rules of Civil Procedure.

James C. Marrow
marrow@wrightclosebarger.com
Jessica Z. Barger
barger@wrightclosebarger.com
Elizabeth F. Turco
turco@wrightclosebarger.com
Wright Close & Barger, LLP
One Riverway, Ste 2200
Houston, TX 77056

John P. Donovan
John.Donovan@knchlaw.com
Koeller, Nebeker, Carlson & Haluck, LLP
5900 Southwest Parkway,
Suite 5-520
Austin, TX 78735

*/s/ Tammy Holt*
Tammy M. Holt

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kristi Lassiter on behalf of Tammy Holt
Bar No. 796771
klassiter@dpslawgroup.com
Envelope ID: 58663857
Status as of 10/29/2021 10:28 AM MST

Associated Case Party: Even Better Logistics, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James C. Marrow | | marrow@wrightclosebarger.com | 10/29/2021 9:41:09 AM | SENT |
| Jessica Z. Barger | | barger@wrightclosebarger.com | 10/29/2021 9:41:09 AM | SENT |
| John Donovan | | John.Donovan@knchlaw.com | 10/29/2021 9:41:09 AM | SENT |

Associated Case Party: Ronnie Claxton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| L. ToddKelly | | tkellyefile@carlsonattorneys.com | 10/29/2021 9:41:09 AM | SENT |
| John W. Greenway | | john@greenwaylawfirm.com | 10/29/2021 9:41:09 AM | SENT |
| Jaime Lynn | | jlynn@carlsonattorneys.com | 10/29/2021 9:41:09 AM | SENT |
| Vernon K.Elkins | | velkins@carlsonattorneys.com | 10/29/2021 9:41:09 AM | SENT |
| Kirk Pittard | | kpittard@dpslawgroup.com | 10/29/2021 9:41:09 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kirk Pittard | | kpittard@dpslawgroup.com | 10/29/2021 9:41:09 AM | SENT |
| Alicia Dubois | | Alicia.Dubois@traviscountytx.gov | 10/29/2021 9:41:09 AM | SENT |
| Kristi Lassiter | | klassiter@dpslawgroup.com | 10/29/2021 9:41:09 AM | SENT |
| Tammy Holt | | tholt@dpslawgroup.com | 10/29/2021 9:41:09 AM | SENT |
| Kelly Blackburn | | efile@dpslawgroup.com | 10/29/2021 9:41:09 AM | SENT |